IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODNEY WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:17-cv-00770-MHT-SRW |
| ) | |
| GLOVIS OF ALABAMA, ) | |
| ) | |
| Defendant. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**[1]

On November 13, 2017, the plaintiff, who proceeds *pro se*, filed a complaint alleging employment discrimination against his former employer, defendant Glovis of Alabama, and a motion to proceed *in forma pauperis*. *See* Doc. 1; Doc. 2. On November 28, 2017, the court deferred ruling on plaintiff's motion for leave to proceed *in forma pauperis*. *See* Doc. 8. In that order, the court also denied plaintiff's motion for a "speedy trial," and his motion to be taken into protective custody. *See id*. The court determined that the plaintiff did not identify "any legal basis to support his contention that he may volunteer to be taken into federal custody – in derogation of his fourth amendment and due process rights, and at the expense of the United States – during the pendency of this lawsuit." *Id*. at 1-2. The court noted that, "Plaintiff is not presently an inmate at any federal or state facility, to the court's knowledge, nor is he a witness in any federal criminal proceeding of

---

[1] By order entered on November 20, 2017, Senior United States District Judge Myron H. Thompson referred this case to the undersigned for action or recommendation on all pretrial matters pursuant to 28 U.S.C. § 636(b). *See* Doc. 7.

which the court is aware. The concept of 'protective custody' has application in those contexts, but it generally has no field of operation in a civil case." *Id.* at 2 n.1. As to plaintiff's assertion that "he is in imminent danger, the plaintiff [was] encouraged to contact local law enforcement and to make a report to those authorities if he fears for his safety." *Id.* at 2.

After the November 28, 2017 order, the plaintiff filed a motion to be taken into "federal witness protection," which requests identical relief and states the same basis as the previously rejected motion for protective custody. *See* Doc. 9. For the same reason that plaintiff's motion to be taken into protective custody was denied, plaintiff's motion for witness protection was denied on May 31, 2018. *See* Doc. 11. In that order, plaintiff's motion to proceed *in forma pauperis* was granted. *See id.*

A copy of the May 31 order was sent to plaintiff at his address of record. On June 11, 2018, the court's order was returned to the Clerk of Court with the following notation: "Return to Sender – Refused – Unable to Forward" and "Not Here." *See* Clerk of Court Docket Entry dated June 11, 2018. On June 12, 2018, the undersigned found that "the administration of this case cannot proceed if the plaintiff's whereabouts are unknown to the court," and ordered plaintiff to "provide the court with his current address on or before June 28, 2018." Doc. 11. The court "specifically cautioned that if [plaintiff] fails to file a response as required by this order, the court will treat his failure as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action, and the undersigned may recommend that this case be dismissed pursuant to Federal Rule of Civil Procedure 41." Doc. 11 at 2 (emphasis removed). *See also*, *e.g.*, Fed. R. Civ. P. 41(b)

(authorizing district courts to dismiss an action for failure to obey a court order); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

The plaintiff did not respond to the June 12 order, and that order was returned to the Clerk of Court as "undeliverable." *See* Clerk of Court Docket Entry dated July 2, 2018. The plaintiff has not taken any action in support of this lawsuit since filing the motion for federal witness protection on December 1, 2017.

A "district court possesses the inherent power to police its docket" and to prune out those cases left to languish by litigants. *Collins v. Lake Helen, L.P.*, 249 F. App'x 116, 120 (11th Cir. 2007). *See also State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982) (a court has the obligation and inherent authority to ensure the efficient disposition of the cases that are on its docket) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss for lack of prosecution)). "[O]nce a *pro se* [*in forma pauperis*] litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders." *Moon*, 863 F.2d at 837. Specifically, "[t]he court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." *Brown v. Tallahassee Police Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).[2] In addition to the authority vested

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.

in the court by Rule 41 of the Federal Rules of Civil Procedure, the power to dismiss an action "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." *Hartline*, 693 F.2d at 1352 (citing *Link*, 370 U.S. at 630-31). However, "dismissal of an action with prejudice is a sanction of last resort, applicable only in extreme circumstances … [it] is generally reserved for cases of willful disobedience to court orders." *Id.* (citations and internal marks omitted).

The plaintiff was warned that a dismissal of this cause would be forthcoming if he did not respond to the June 12, 2018 order, but that warning resulted in no action. Because the plaintiff appears to be unwilling to engage in the prosecution of this matter or to follow the court's directives, the court cannot "achieve the orderly and expeditious disposition" of this cause on the merits. *Lopez*, 570 F.2d at 544. Plaintiff has taken no action on the record since December 1, 2017; he did not file a response to the June 12, 2018 order; and he has not apprised the court of his current mailing address; accordingly, the court concludes that the plaintiff has abandoned this lawsuit.

"The power to dismiss for want of prosecution should be used sparingly and only when less drastic alternatives have been explored." *Lopez*, 570 F.2d at 544 (citing *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976), *cert. denied*, 429 U.S. 1107 (1977)). The court has explored lesser sanctions, but no sanction or other court action except for dismissal will likely produce results after, as in this case, plaintiff has demonstrated an unwillingness to respond to court orders or to notify the court of his current address.

However, the court concludes that plaintiff's inaction does not constitute the "extreme circumstances" or bad faith necessary to justify a *sua sponte* dismissal with

prejudice. *Hartline*, 693 F.2d at 1352. There is no evidence that the plaintiff has intentionally disobeyed the court's orders or that he has "been repeatedly and stubbornly defiant." *Moon*, 863 F.2d at 839. The court directed the plaintiff to take action, and the plaintiff has not done so. It is possible that the plaintiff has willfully disobeyed the court's directives, but there are other potential explanations for the plaintiff's failure to prosecute this case that do not implicate bad faith or willful disobedience by the plaintiff. On the instant record, the plaintiff seems to have simply given up on this case.

## CONCLUSION AND RECOMMENDATION

Because the plaintiff has refused to prosecute this case or to respond to the court's orders, a sanction other than dismissal would be ineffective. However, in this instance, the less drastic sanction of dismissal without prejudice will suffice. *See Moon*, 863 F.2d at 837. Thus, for the reasons explained herein, it is the **RECOMMENDATION** of the Magistrate Judge that this action be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

In addition, it is

**ORDERED** that **on or before July 20, 2018**, plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the

right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 6th day of July, 2018.

/s/ Susan Russ Walker_____
Susan Russ Walker
United States Magistrate Judge